IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:25-cv-04093-RBJ

SERGIO RUIZ-BAMACA,

      Petitioner,

v.

ROBERT HAGAN, TODD LYONS,
PAM BONDI, in their official capacities,
U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT, U.S. DEPARTMENT
OF HOMELAND SECURITY, EXECUTIVE
OFFICE OF IMMIGRATION REVIEW,

      Respondents.

## ORDER

Before the Court is petitioner-plaintiff Sergio Ruiz-Bamaca's (petitioner or Mr. Ruiz-Bamaca) Verified Petition for a Writ of Habeas Corpus (Petition) and Motion for a Temporary Restraining Order and Preliminary Injunction. ECF No. 1; ECF No. 2.[1]  Petitioner seeks an order requiring respondents to bring him before an Immigration Judge for a bond hearing within five days. ECF No. 1 at 28.

---

[1] This Court previously granted Mr. Ruiz-Bamaca's Motion to the extent that it prohibited respondents from transferring him away from the District of Colorado or removing him from the United States until the termination of this case. ECF No. 5.

1

Respondents filed a brief in opposition to the requested relief. ECF No. 10. Petitioner replied. ECF No. 11.

For the reasons set forth herein, the Petition is GRANTED to the extent that Respondents are ordered to bring Mr. Ruiz-Bamaca before an Immigration Judge within ten (10) days of this Order for a bond hearing. At that bond hearing, the government must bear the burden of justifying Mr. Ruiz-Bamaca's continued detention by clear and convincing evidence.

## BACKGROUND

For the purposes of this Order, the Court assumes the truth of the facts in the Petition. Petitioner is a 21-year-old native and citizen of Guatemala who last entered the United States without inspection in 2013 and has been living here ever since. ECF No. 1 at ¶ 10. Although he has no criminal record, he was arrested on November 11, 2025. by U.S. Immigration and Customs Enforcement (ICE) and initially detained in Florida. *Id.* Subsequently, he was transferred to the Denver Contract Detention Facility in Aurora, Colorado where he remains. *Id.*

Significantly, respondents do not allege that petitioner is subject to mandatory detention under any provision of the Immigration and Nationality Act (INA) *other* than 8 U.S.C. § 1225(b)(2)(A). Therefore, there is no material dispute about the facts, and the resolution of this case turns squarely on whether petitioner's detention

2

is governed by § 1225(b)(2)(A), or by a separate provision of the INA that provides for discretionary release during removal proceedings, 8 U.S.C. § 1226(a).

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Where, as here, the briefing demonstrates that the petitioner's challenge is fundamentally legal in nature, the court need not hold an evidentiary hearing to resolve it. *See* 28 U.S.C. § 2243.

As noted above, this case concerns whether petitioner, who entered the United States without inspection many years ago and has remained here, is subject to mandatory detention under § 1225(b)(2)(A) or instead is entitled to a bond hearing under § 1226(a).

This Court has addressed this same question of statutory interpretation on multiple occasions. *See, e.g.*, *Cervantes Arredondo v. Baltazar*, 25-cv-03040-RBJ (D. Colo. Oct. 31, 2025) (ECF No. 21); *Velazquez de Leon v. Baltazar*, 25-cv-03805-RBJ (D. Colo. Dec. 12, 2025) (ECF No. 19). Most recently, the Court set forth its full analysis in *Ugarte Hernandez v. Baltazar*, 1:25-cv-04066-RBJ (D. Colo. Jan. 15, 2026) (ECF No. 16).

In this case, the Court incorporates by reference and adopts in full the analysis set forth in *Ugarte Hernandez*. *See, e.g.*, *Espinoza Ruiz v. Baltazar*, 1:25-cv-03642-CNS, 2025 WL 3294762, at *2 (D. Colo. Nov. 26, 2025) (district court, on the same statutory question, "accept[ing] in full" and "adopt[ing]" its reasoning outlined in a previous case).

Accordingly, the Court finds that petitioner's detention is properly governed by § 1226(a); his current mandatory detention under § 1225(b)(2)(A) is unlawful, and he is therefore entitled to habeas relief. In this case, that relief is a prompt bond hearing before an Immigration Judge. *See Nava Hernandez v. Baltazar,* 1:25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("Section 1226(a) does not require release—it provides DHS the discretion to grant a [noncitizen] release on bond"); *see also Cervantes Arredondo,* ECF No. 21, at *8 (ordering a bond hearing); *Velazquez de Leon,* ECF No. 19, at *8 (same).

At that bond hearing, respondents will bear the burden of proof by clear and convincing evidence to justify petitioner's continued detention. The Court recently set forth its full analysis on the question of what party should bear the burden of proof at an immigration bond hearing under these circumstances. *See Vences Nuñez v. Baltazar*, 1:25-cv-04046-RBJ (D. Colo. Jan. 17, 2026) (ECF No. 10). In that case, which presented indistinguishable facts, the Court held that petitioner's mandatory detention under the wrong statute constituted an ongoing due process violation, and

4

under the three-factor test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the government was required to bear the burden of proof by clear and convincing evidence at petitioner's bond hearing.  See *Vences Nuñez*, 1:25-cv-04046-RBJ, ECF No. 10, at *4-10.  Once again, the Court incorporates by reference and adopts in full the analysis set forth in its prior Order (*Vences Nuñez*).

## ORDER

It is hereby ORDERED that:

Petitioner's Petition for a Writ of Habeas Corpus, ECF No. 1, is GRANTED.

Respondents SHALL NOT REMOVE petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

Respondents SHALL, within ten (10) days of this ORDER, provide petitioner with an individualized bond hearing before an Immigration Judge at which the government bears the burden to justify detention by clear and convincing evidence.

The parties SHALL file a joint status report within five (5) days of petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: January 16, 2026            BY THE COURT:

*[signature: Brooke Jackson]*

_____

        R. Brooke Jackson
        Senior United States District Court Judge